**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

| |  |
|---|---|
| ALEXANDER ROSADO-RIOS, ET AL.,<br><br>    Plaintiffs,<br><br>        v.<br><br>JAVIER VAZQUEZ-COLLAZO, ET AL.,<br><br>    Defendants. | CIV. NO. 14-1820 (PG) |

## OPINION AND ORDER

Pending before the court is defendant Javier Vazquez-Collazo's ("Vazquez" or "Defendant") motion to dismiss the second amended complaint (Docket No. 31). For the reasons set forth below, the court **GRANTS** the Defendant's motion.

### I. BACKGROUND

The original complaint in this case was filed on November 10, 2014. See Docket No. 1. The same was amended on December 17, 2014 (Docket No. 5) and again on May 20, 2015 (Docket No. 28). Instead of answering the complaint, the defendant moved to dismiss the second amended complaint. See Docket No. 31. In the second amended complaint, the following plaintiffs bring claims pursuant to 42 U.S.C. § 1983 seeking compensatory damages for alleged violations of their constitutional rights to free speech and due process under the First, Fifth and Fourteenth Amendments: Alexander Rosado-Rios, Victor M. Torres-Gonzalez, Jorge Cintron-Gomez, Lisa Escribano-Colon, Zorimar Llanos-Nieves, Raul Candelario-Lopez, Luis Juan Barnecet-Caraballo, Pedro Juan Cortes-Santiago, Juan C. Acosta-Ramirez, Roberto Torres-Ponsa, Jonathan Gomez-Reyes, Ramon Arnaldo Pares-Arce, Michael Angel Rivera-Torres, and Victor Miguel Marrero-Torres (collectively, the "Plaintiffs"). See Docket No. 28.

The Plaintiffs filed suit against defendant Javier Vazquez-Collazo, Superintendent of the Puerto Rico Capitol, in his personal and individual capacity, after being dismissed from their employment at the Superintendence of the Puerto Rico Capitol. Some plaintiffs were dismissed in January and others in March of 2013. They allege that their dismissal was motivated by political discrimination insofar as they are active members of the New

CIV. NO. 14-1820 (PG) Page 2

Progressive Party ("NPP") and the Defendant favors the opposing party, to wit, the Popular Democratic Party ("PDP").

The Plaintiffs additionally invoke the court's supplemental jurisdiction over the state-law claims brought under the Commonwealth Constitution, and pursuant to Puerto Rico Law No. 100 of June 30, 1959 ("Law No. 100"), P.R. LAWS ANN. tit. 29, § 146 *et seq.* and Articles 1802 and 1803 of the Civil Code of Puerto Rico ("Articles 1802 and 1803"), P.R. LAWS ANN. tit. 31, §§ 5141 and 5142. See Docket No. 28.

The court finally notes that the Plaintiffs allege in their complaint that they tolled the statute of limitations by filing timely actions in state court against the same Defendant for the same acts that give rise to the above-captioned claim. See Docket No. 28 at ¶¶ 57-60. The Plaintiffs set forth that on September 25, 2014 they requested the voluntary dismissal with prejudice of the cases before state court. Id. at ¶¶ 61-62. The Plaintiffs add that after dismissal, they sought review on appeal, but "the Puerto Rico Appeals Court denied review for lack of jurisdiction. A Writ of Certiorari was filed on July 2, 2014. Certiorari was denied." Id. at ¶ 63.

The Defendant now moves to dismiss the amended complaint on res judicata grounds. See Docket No. 31. Alternatively, the Defendant argues that the Plaintiffs' claims under Section 1983 are time barred because they were not raised in the lawsuits previously filed in state court. Finally, Vazquez seeks the dismissal of the Section 1983 claims brought for alleged violations to Plaintiffs' Fifth and Fourteenth Amendment rights. See id. The Plaintiffs opposed the dismissal of his claims. See Docket No. 14.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint that fails to state a claim upon which relief could be granted. "To avoid dismissal, a complaint must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Garcia-Catalan v. U.S., 734 F.3d 100, 102 (1st Cir.2013) (quoting FED.R.CIV.P. 8(a)(2)). When ruling on a motion to dismiss for failure to state a claim, a district court must "ask whether the complaint states a claim to relief that is plausible on its face, accepting the plaintiff's factual allegations and drawing all reasonable inferences in the plaintiff's favor." Cooper v. Charter Communications Entertainments I, LLC, 760 F.3d 103, 106 (1st Cir.2014) (citing Maloy v. Ballori-Lage, 744 F.3d 250, 252 (1st Cir.2014)) (internal quotation marks omitted). Additionally, courts "may augment these facts and inferences

with data points gleaned from documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice." A.G. ex rel. Maddox v. v. Elsevier, Inc., 732 F.3d 77, 80 (1st Cir.2013) (citing Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir.2011)).

"To cross the plausibility threshold, the plaintiff must 'plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Cooper, 760 F.3d at 106 (citing Maloy, 744 F.3d at 252). See also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, … , on the assumption that all the allegations in the complaint are true (even if doubtful in fact) … ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted).

"In resolving a motion to dismiss, a court should employ a two-pronged approach. It should begin by identifying and disregarding statements in the complaint that merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir.2011) (citing Twombly, 550 U.S. at 555) (internal quotation marks omitted). That is, the court "need not accept as true legal conclusions from the complaint or naked assertions devoid of further factual enhancement." Maldonado v. Fontanes, 568 F.3d 263, 266 (1st Cir.2009) (citing Iqbal, 556 U.S. at 678). "A complaint 'must contain more than a rote recital of the elements of a cause of action,' but need not include 'detailed factual allegations.'" Rodriguez-Vives v. Puerto Rico Firefighters Corps, 743 F.3d 278, 283 (1st Cir.2014) (citing Rodríguez-Reyes v. Molina–Rodríguez, 711 F.3d 49, 53 (1st Cir.2013)). "Non-conclusory factual allegations in the complaint must then be treated as true, even if seemingly incredible." Ocasio-Hernandez, 640 F.3d at 12 (citing Iqbal, 556 U.S. at 681).

"Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 664-664. Nevertheless, when evaluating the plausibility of a legal claim, a court may not "attempt to forecast a plaintiff's likelihood of success on the merits; a well-pleaded complaint may proceed even if … a recovery is very remote and unlikely." Ocasio-Hernandez, 640 F.3d at 12-13 (citing Twombly, 550 U.S. at 556). As a result, courts should read the complaint "as a whole" and be cautious not to apply the plausibility standard "too mechanically." See

CIV. NO. 14-1820 (PG)                                                    Page 4

Rodriguez-Vives, 743 F.3d at 283 (citing Garcia-Catalan, 734 F.3d at 101, 103).

### III. DISCUSSION

In his motion to dismiss, defendant Vazquez argues that the Plaintiffs' claims were the subject of three different lawsuits previously filed in state court based on the same set of facts as the above-captioned claim. See Docket No. 31. However, the state-law claims of political discrimination and due process violations were brought under Puerto Rico law instead and Vazquez was, among others, a defendant in these. Because said lawsuits were dismissed with prejudice, the Defendant now requests that the above-captioned suit be dismissed as well on res judicata grounds. Id. Alternatively, the Defendant argues that the Section 1983 claims are time barred. Id.

In support of his arguments, Vazquez attaches to his motion to dismiss the three different complaints filed in state court by several individuals, including the Plaintiffs to this action, as well as the state court's judgments dismissing them with prejudice.[1] See Exhibits 1-14 to Motion to Dismiss, Docket No. 31; Docket No. 44. It stems from the record, and the Plaintiffs concede, that on October of 2014, the state court entered a final judgment dismissing *with prejudice* two of the state court cases upon the plaintiffs' own request. See Docket No. 44-3; 44-7; 42 at page 11. The third state court case, which included plaintiffs Michael Angel Rivera-Torres and Victor Miguel Marrero-Torres, was actually dismissed *with prejudice* much earlier on September 10, 2013, see Docket No. 44-11. For this third case, on April 30, 2014, the Commonwealth's Court of Appeals refused to reconsider its decision not to review the lower court's judgment, see Docket NO. 44-12. Thereafter, on October 24, 2014, the Supreme Court of Puerto Rico denied certiorari review. See Docket No. 44-13.

In their opposition, the Plaintiffs do not dispute that, in two of the cases, their claims were dismissed with prejudice upon their own request. See

---

[1] Under the Rule 12(b)(6) standard, the court may only consider facts and documents that are part of or incorporated into the complaint; if documents outside of the pleadings are considered, the motion should be adjudicated under the more stringent standards of a Rule 56 motion for summary judgment. See Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009). The First Circuit has carved out several exceptions to this rule for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs claim; or for documents sufficiently referred to in the complaint. See id. Because here the parties have not raised any controversy regarding the authenticity of the exhibits attached to the moving papers, and the state court lawsuits are part of the content of the complaint, the court may still consider the present motion under the standards of Fed.R.Civ.P. 12(b)(6). Thus, it is not necessary to convert defendant's motion to dismiss into a motion for summary judgment.

CIV. NO. 14-1820 (PG)                                                                Page 5

Docket No. 42 at page 11. The Plaintiffs explain, however, that this request was made in error insofar as the purpose of seeking this dismissal was to file suit in federal court. See Docket No. 42 at page 11. But when they moved to amend the judgment in both of these cases in June of 2015, the state court denied their request "for lack of jurisdiction, as the six-month time limit for requesting relief from judgment under territorial procedural rules had expired." Id. As a result, the Plaintiffs now plead that this court allow their federal suit to proceed seeing as "substance trumps form" and to hold otherwise would amount to a miscarriage of justice against the Plaintiffs. See Docket No. 42 at pages 11-12.

In the course of the review of the applicable law to the matter at hand, the undersigned found that this court has already addressed and adjudged this same issue in Camacho-Lopez v. Superintendencia del Capitolio, et al., Civil Case 14-1928(JAF). For purposes of the legal controversy the parties present in their moving papers, the undersigned makes reference to the Camacho-Lopez court's careful and detailed discussion of law and analysis to the facts of said case, which are the same before the undersigned now, and thus, adopts it herein.

In Camacho-Lopez v. Superintendencia del Capitolio, 126 F. Supp. 3d 249 (D.P.R. 2015), plaintiff Mayralis Camacho-Lopez was a plaintiff in one of the two state court cases at issue here that was dismissed with prejudice upon the plaintiffs' own request. After the defendants moved for dismissal, the court concluded that res judicata and collateral estoppel "clearly apply to preclude the litigation of Plaintiff's current claims." Id. at 253. Seeing as the dismissal of the parallel claims brought in state court was with prejudice, the court in Camacho-Lopez noted that "under Puerto Rico law a voluntary dismissal with prejudice is an adjudication on the merits [that] bars a party from relitigating the same cause of action." Id. at 252 (citing Calderon Rosado v. General Electric Circuit Breakers, Inc., 805 F.2d 1085, 1086 (1st Cir.1986)). And unfortunately for the plaintiffs in both Camacho-Lopez and here, the First Circuit has held under similar circumstances that a plaintiff "should have known that the dismissal with prejudice would bar her federal claims because of res judicata." Barreto-Rosa v. Varona-Mendez, 470 F.3d 42, 47 (1st Cir. 2006).

The court also rejected plaintiff Camacho's request to be exempt from res judicata on grounds that the dismissal with prejudice was the result of a "mere scrivener's error or misnomer." The Plaintiffs here set forth the same

CIV. NO. 14-1820 (PG)                                                    Page 6

exact argument. In Camacho-Lopez, the court held that "if the Commonwealth court had actually made a mistake in its judgment, the plaintiff's proper 'recourse was to file a timely petition for reconsideration' before that court." Id. at 254 (citing Medina v. Chase Manhattan Bank, 737 F.2d 140 (1st Cir.1984).

As admitted by the Plaintiffs here, the state court found said request for reconsideration to be untimely. They must bear the consequences of their actions and omissions, as well as their attorneys'. This court, however, "cannot bear the burden of inattentive lawyering and notes that a client is bound by the mistakes of his chosen counsel." Miranda-Lopez v. Figueroa-Sancha, 943 F. Supp. 2d 276, 279 (D.P.R. 2013). "This case is a shining example of the oft-stated precept that '[t]he law ministers to the vigilant not to those who sleep upon perceptible rights.'" Alamo-Hornedo v. Puig, 745 F.3d 578, 582-83 (1st Cir. 2014) (citing Puleio v. Vose, 830 F.2d 1197, 1203 (1st Cir.1987)).

Finally, the Plaintiffs generally assert that they should be exempt from the usual rules of preemption on the ground that its application would defeat the ends of justice. See Docket No. 42 at page 12. However, "[c]ourts should … be 'loathe' to disturb prior decisions in a case." Negron-Almeda v. Santiago, No. 08-2360, 2009 WL 2605717, at *4 (1st Cir. August 26, 2009).

> Nevertheless, courts may reopen a matter previously decided on a showing of exceptional circumstances - a threshold which, in turn, demands that the proponent accomplish one of three things: show that controlling legal authority has changed dramatically; proffer significant new evidence, not earlier obtainable in the exercise of due diligence; or convince the court that a blatant error in the prior decision will, if uncorrected, result in a serious injustice.

Id. at *4 (internal citations and quotation marks omitted). "We see nothing in the facts of this case to support such an exception." Muniz Cortes v. Intermedics, Inc., 229 F.3d 12, 15 (1st Cir.2000). The Plaintiffs could have availed themselves through the mechanisms allowed by the Commonwealth's rules of civil procedure. But they did not. "[P]ublic policy does not require giving them a chance to revisit those choices." Id. at 15.

In light of the foregoing, the court **GRANTS** the Defendant's motion to dismiss (Docket No. 31).

### IV. CONCLUSION

For the reasons stated above, this court hereby **GRANTS** the defendant Vazquez's motion to dismiss (Docket No. 31) and the Plaintiffs' claims are

CIV. NO. 14-1820 (PG) Page 7

**DISMISSED WITH PREJUDICE** on res judicata and collateral estoppel grounds. Final judgment shall be entered accordingly.

    **IT IS SO ORDERED.**
In San Juan, Puerto Rico, May 10, 2016.

                                                     S/ JUAN M. PEREZ-GIMENEZ
                                                     JUAN M. PEREZ-GIMENEZ
                                                     SENIOR U.S. DISTRICT JUDGE